UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAGARDE LTD.** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-1747** |
| **FEDERAL EXPRESS CORPORATION** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Federal Express Corporation's ("defendant") motion[1] to dismiss plaintiff Lagarde Ltd.'s, doing business as Chiller Specialties, ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response[2] in opposition, and defendant filed a reply.[3] For the reasons that follow, the Court grants defendant's motion to dismiss.

### I.     BACKGROUND

This case involves an alleged failure to pay for services rendered. In its complaint, under a heading labeled "Suit on Open Account," plaintiff claims that defendant retained plaintiff "to perform various repair services, including parts and labor."[4] Plaintiff states that it "performed air conditioning work at [defendant's] facility in a good and workmanlike manner and invoiced following completion of each item of repair."[5] Yet, defendant allegedly "failed to pay several invoices sent by

---

[1] R. Doc. No. 3.
[2] R. Doc. No. 4.
[3] R. Doc. No. 5.
[4] R. Doc. No. 1-1, ¶ 2.
[5] *Id.* ¶ 3.

[p]laintiff to [d]efendant."[6] Plaintiff thereby contends that defendant owes it $141,601.07, "plus legal interest, court costs[,] and legal fees, for services provided under the work orders issued to [defendant]."[7] Plaintiff states that it has never been paid, "[d]espite amicable demand" and that defendant failed for over fifteen days to pay what it owed after receiving said demand.[8] Plaintiff did not attach a copy of any written contract, invoices, or work orders to its complaint.

On July 18, 2024, defendant filed the instant motion[9] to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that the terms of use governing the parties relationship states that any breach of their agreement would be governed by Pennsylvania law, not Louisiana law.[10] Because plaintiff's complaint focuses on a solitary claim of "Suit on Open Account"— a cause of action recognized in Louisiana as stated in La. R.S. § 9:2781—defendant argues that plaintiff's complaint does not contain factual allegations supporting any cause of action pursuant to Pennsylvania law.[11]

In its response, plaintiff states that it was unaware at the time of filing that it had a written contract with defendant and was thus unaware of the choice-of-law provision in the agreement.[12] Despite never stating explicitly that it was asserting a

---

[6] *Id.*
[7] *Id.* ¶ 4.
[8] *Id.* ¶ 5–6.
[9] R. Doc. No. 3.
[10] R. Doc. No. 3-1, at 6.
[11] *Id.* at 7–9.
[12] R. Doc. No. 4, at 1.

breach-of-contract claim in the complaint, plaintiff nonetheless argues that all the elements of a breach-of-contract claim are alleged.[13]

In its reply, defendant argues that plaintiff has not alleged the facts necessary to sustain a breach-of-contract claim pursuant to Pennsylvania law.[14] In particular, it argues that Pennsylvania law requires a plaintiff to plead, not only the existence of a contract, but it must also include the essential terms of that contract.[15] Defendant maintains that, because plaintiff does not include specific facts, "which establish the relevant time and manner of the work in question, the specific duties owed by the parties under the contract to effectuate payment, and/or the specific terms of the contract which [defendant] allegedly breached," plaintiff's complaint lacks the required legal specificity to raise a breach-of-contract claim consistent with Pennsylvania law.[16]

## II. STANDARDS OF LAW

### a. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must meet the requirement in Rule 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting

---

[13] *Id.* at 3.
[14] R. Doc No. 5, at 2.
[15] *Id.*
[16] *Id.* at 3–4.

3

Fed. R. Civ. P. 8(a)(2)). While this short and plain statement does not require "detailed factual allegations," it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation and internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations

4

and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### b. Pennsylvania Breach of Contract

Pursuant to Pennsylvania law, "[a] cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pa.*, 895 A.2d 595, 600 (Pa. Super. Ct. 2006) (quoting *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). "For a contract to be enforceable, the nature and extent of the mutual obligations must be certain, and the parties must have agreed on the material and necessary details of their bargain." *Lackner v. Glosser*, 892 A.2d 21, 30 (Pa. Super. Ct. 2006).

The essential terms of a contract under Pennsylvania law include, but are not limited to, "time or manner of performance and price to be paid." *Horse Soldier, LLC v. Tharpe*, No. 1:13-CV-2892, 2014 WL 5312823, at *5 (M.D. Pa. Oct. 17, 2014). "While not every term of a contract must be stated in complete detail, every element must be specifically pleaded." *Pennsy Supply*, 895 A.2d at 600. Furthermore, "[t]o properly allege a breach of contract, a party needs to point at a specific provision of the

5

[contract] the counterparty breached." *Philidor Rx Servs. LLC v. Polsinelli PC*, 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021), *aff'd*, No. 22-2836, 2023 WL 6290746 (3d Cir. Sept. 27, 2023).

### III. ANALYSIS

Because plaintiff refers to an agreement retaining it to perform various repair services for defendant, and because it is central to the complaint, the Court considers the terms-of-use document alongside the complaint. *See Lone Star Fund V*, 594 F.3d at 387. Plaintiff does not dispute that the choice-of-law provision is enforceable.[17] Nor does it dispute that the Court must dismiss its claim for suit on open account because La. R.S. § 9:2781, the statute giving rise to this claim, is a Louisiana law.[18] The only matter that the parties now dispute is whether plaintiff's complaint nonetheless alleges sufficient factual matter to constitute a valid claim for breach of contract pursuant to Pennsylvania law.

Federal courts sitting in diversity cases apply the Federal Rules of Civil Procedure, not state rules of civil procedure. *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Unlike Pennsylvania procedural rules, the Federal Rules of Civil Procedure do not require plaintiff to

---

[17] *See generally* R. Doc. No. 4. When "a forum-selection clause is at issue in a diversity case," courts "apply the forum state's choice-of-law rules to determine what substantive law governs." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016). In Louisiana, contracts "are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable." La. C.C. Art. 3540. In the absence of arguments that the choice-of-law provision should not apply, the Court will honor the parties' agreement and apply Pennsylvania law.
[18] *See generally* R. Doc. No. 4.

6

attach a copy of the relevant contractual documents to its complaint. *See* 231 Pa. Code § 1019(i). However, despite the liberality of federal pleading rules, a plaintiff's complaint "still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981). Plaintiff must "allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond." *See Kingdom Empowerment Intl. Ministries v. Chubb Custom Ins. Co.*, No. CV 16-1640, 2016 WL 7423142, at *1 (E.D. Pa. May 11, 2016) (quoting *Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, No. CIV. A. 06-1812, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009)).

Pennsylvania breach-of-contract claims are frequently dismissed by federal courts when the complaint fails to describe the source of the alleged contractual duty or explain how this duty was violated.[19] For example, in *Bissett v. Verizon Wireless*

---

[19] *See, e.g.*, *Elliot v. Pa. Interscholastic Athletic Ass'n, Inc.*, 486 F. Supp. 3d 838, 855 (M.D. Pa. 2020) (dismissing a breach-of-contract claim based on an alleged violation of bylaws because the provision the plaintiff pointed to only required that an election be held, and the plaintiff's allegations "fail[ed] to make clear how the [d]efendants breached a bylaw term"); *Brown v. Am. Airlines, Inc.*, No. CV 23-2001, 2024 WL 1143478, at *3 (E.D. Pa. Mar. 15, 2024) (dismissing a breach-of-contract claim alleging that American Airlines breached its Conditions of Carriage because the complaint "fail[ed] to allege the manner in which the conduct of [American Airlines]'s employees breached those Conditions or point to a specific provision which [American Airlines] breached," thereby failing to "allege facts which would permit [the court] to draw a reasonable inference that [American Airlines] breached a duty imposed by the Conditions of Carriage"); *Clark Res., Inc. v. Verizon Bus. Network Servs., Inc.*, No. 1:10-CV-1119, 2010 WL 4973342, at *7 (M.D. Pa. Dec. 1, 2010) (dismissing a breach-of-contract claim where the plaintiff attached a written teaming agreement because it did not state "the services for which [the defendant] would be negotiating, price terms for those services, or the scope of those services," and it did not "provide any

7

the court dismissed a complaint alleging that a service provider breached a contract to transfer data from one phone to another by making an unlawful duplication of private messages and sending them to his personal phone. 401 F. Supp. 3d 487, 500 (M.D. Pa. 2019). The court dismissed the complaint because, while the complaint alleged that the contract did not allow the data to be duplicated or transferred, it did not point to the source of this alleged duty—a privacy policy—until its response to the defendant's motion to dismiss. *Id.* at 500–01.

     Here, the complaint fails to allege sufficient factual material for the Court to conclude that defendant contracted with plaintiff to render air-conditioning services. Nor does the complaint allege sufficient factual matter to conclude that the $141,601.07 that plaintiff says it is owed[20] was the price agreed upon for any services rendered. Indeed, even the written terms-of-use agreement between the parties does not alone amount to a contract for services. The terms of use defines "Agreement" as collectively referring to work orders for services issued by defendant, a vendor's rate sheet, and the terms of use.[21] Without the relevant rate sheet, work orders, or a summary of the essential terms contained in these documents, plaintiff's allegation that defendant retained plaintiff to "perform various repair services" is insufficient to allege a contract to perform air-conditioning services for the price it alleges is owed.

---

terms outlining what [the p]laintiff was obligated to do to comply," so the court would have no way of judging whether the defendant breached the contract).
[20] *See* R. Doc. No. 1-1, ¶ 4.
[21] R. Doc. No. 3-3, at 1–2.

Furthermore, without alleging the essential terms of the contract, plaintiff cannot point to a specific provision in the contract that was violated. There is nothing from which this Court can conclude that there is a duty to pay the $141,601.07 plaintiff says is owed.[22] The Court has no basis to conclude that there is a duty to pay invoices within fifteen days of a demand for payment, as defendant allegedly failed to do.[23] The complaint is therefore insufficient to state a claim from which relief can be granted and it must be dismissed.

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, August 29, 2024.

                                                   **LANCE M. AFRICK**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[22] *See* R. Doc. No. 1-1, ¶ 4.
[23] *See id.* ¶ 6.